UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UPENDRA SINGH,<br><br>        Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>        Defendant. | No. 2:13-cv-01946-GEB-AC<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURSIDICTION** |

Plaintiff moves *ex parte* for a temporary restraining order preventing Defendant "from conducting any non-judicial foreclosure sale or taking any other action which reasonably could deprive [Plaintiff] of title in his family's home at 9328 Feather Falls Court, Elk Grove, California 95624." (Pl.'s TRO 5:3-7, ECF No. 5.) However, Plaintiff has not shown that the federal court has subject matter jurisdiction over this action.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted).

"[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments. . . .

1

[A] district court ha[s] a duty to establish subject matter jurisdiction . . . *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966-67 (9th Cir. 2004); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff alleges in the Complaint that "[j]urisdiction [is] . . . proper because the parties are completely diverse." (Compl. ¶ 2, ECF No. 1.) However, Plaintiff alleges neither the citizenship of the parties, nor that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. "[Plaintiff] has the burden of alleging the essential elements of diversity jurisdiction in his complaint[,]" including the diverse citizenship of all parties. Redford v. Iron Planet Inc., No. 11-cv-04145 NC, 2012 WL 1569819, at *3 (N.D. Cal. May 3, 2012) (citing Bautista v. Pan Am. World Airlines, Inc., 828 F.2d 546, (9th Cir. 1987)); see also Thomas v. Bd. of Trs. of Ohio State Univ., 195 U.S. 207, 210 (1904) (stating "when jurisdiction depends upon diverse citizenship[,] the absence of sufficient averments . . . showing such required diversity of citizenship is fatal and cannot be overlooked by the court").

Since Plaintiff has not established that the Court has subject matter jurisdiction over this action, the action is dismissed without prejudice. See Redford, 2012 WL 1569819, at *4 (dismissing action without prejudice when the plaintiff failed to allege his citizenship and the amount in controversy); accord Tschakert v. Hart Energy Publ'g, LLLP, No. 10cv2598-L(WMC), 2011

WL 52598, at *2 (S.D. Cal. Jan. 6, 2011). Plaintiff is granted ten (10) days from the date on which this order is filed to file an amended complaint addressing the jurisdictional allegations. If Plaintiff fails to timely file an amended complaint, this action shall be closed without further order of the Court.

Further, Plaintiff's motion for a temporary restraining order is denied, since "[i]n the absence of a complaint setting out the basis for jurisdiction, the court lacks the jurisdiction to grant a temporary restraining order." Camillos v. US Bank Nat'l Ass'n, No. 5:11-CV-05228 EJD, 2011 WL 5122619, at *2 (N.D. Cal. Oct. 27, 2011).

Dated: September 20, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge

3