UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UPENDRA SINGH,<br><br>        Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>        Defendant. | No. 2:13-cv-01946-GEB-AC<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURSIDICTION** |

      Plaintiff moves *ex parte* for a temporary restraining order preventing Defendant "from conducting any non-judicial foreclosure sale or taking any other action which reasonably could deprive [Plaintiff] of title in his family's home at 9328 Feather Falls Court, Elk Grove, California 95624." (Pl.'s TRO 5:3-7, ECF No. 5.) However, Plaintiff has not shown that the federal court has subject matter jurisdiction over this action.

      "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994) (citations omitted).

      "[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments. . . .

1

1  [A] district court ha[s] a duty to establish subject matter
2  jurisdiction . . . *sua sponte*, whether the parties raised the
3  issue or not." United Investors Life Ins. Co. v. Waddell & Reed
4  Inc., 360 F.3d 960, 966-67 (9th Cir. 2004); see also Fed. R. Civ.
5  P. 12(h)(3) ("If the court determines at any time that it lacks
6  subject-matter jurisdiction, the court must dismiss the
7  action.").

8        Plaintiff alleges in the Complaint that
9  "[j]urisdiction [is] . . . proper because the parties are
10 completely diverse." (Compl. ¶ 2, ECF No. 1.) However, Plaintiff
11 alleges neither the citizenship of the parties, nor that the
12 amount in controversy exceeds $75,000. See 28 U.S.C. § 1332.
13 "[Plaintiff] has the burden of alleging the essential elements of
14 diversity jurisdiction in his complaint[,]" including the diverse
15 citizenship of all parties. Redford v. Iron Planet Inc., No. 11-
16 cv-04145 NC, 2012 WL 1569819, at *3 (N.D. Cal. May 3, 2012)
17 (citing Bautista v. Pan Am. World Airlines, Inc., 828 F.2d 546,
18 (9th Cir. 1987)); see also Thomas v. Bd. of Trs. of Ohio State
19 Univ., 195 U.S. 207, 210 (1904) (stating "when jurisdiction
20 depends upon diverse citizenship[,] the absence of sufficient
21 averments . . . showing such required diversity of citizenship is
22 fatal and cannot be overlooked by the court").

23       Since Plaintiff has not established that the Court has
24 subject matter jurisdiction over this action, the action is
25 dismissed without prejudice. See Redford, 2012 WL 1569819, at *4
26 (dismissing action without prejudice when the plaintiff failed to
27 allege his citizenship and the amount in controversy); accord
28 Tschakert v. Hart Energy Publ'g, LLLP, No. 10cv2598-L(WMC), 2011

WL 52598, at *2 (S.D. Cal. Jan. 6, 2011). Plaintiff is granted ten (10) days from the date on which this order is filed to file an amended complaint addressing the jurisdictional allegations. If Plaintiff fails to timely file an amended complaint, this action shall be closed without further order of the Court.

Further, Plaintiff's motion for a temporary restraining order is denied, since "[i]n the absence of a complaint setting out the basis for jurisdiction, the court lacks the jurisdiction to grant a temporary restraining order." Camillos v. US Bank Nat'l Ass'n, No. 5:11-CV-05228 EJD, 2011 WL 5122619, at *2 (N.D. Cal. Oct. 27, 2011).

Dated: September 20, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge

3