UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UPENDRA SINGH,

        Plaintiff,

  v.

WELLS FARGO BANK, N.A.,

        Defendant.

No. 2:13-cv-01946-GEB-AC

**ORDER DENYING SECOND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND FOR LACK OF SUBJECT MATTER JURSIDICTION**

        An order issued September 20, 2013, dismissing this action with leave to amend and denying Plaintiff's *ex parte* application for a temporary restraining order for failure to allege subject matter jurisdiction. (See Order, ECF No. 6.)

        Plaintiff filed a First Amended Complaint on September 20, 2013 (ECF No. 7), in which he alleges as follows concerning subject matter jurisdiction:

> Jurisdiction and venue are proper because the parties are completely diverse and because all of the acts alleged herein occurred within this judicial district. Jurisdiction and venue are proper because the parties are diverse. **Specifically, defendant Wells Fargo Bank, N.A., contrary to common misconception, is not a resident of the State of California with a domicile in San Francisco. Rather, it is a resident of Sioux Falls, [South] Dakota. A true copy of the California Secretary of State's business entity information is Exhibit 1 hereto. Therefore, pursuant to 28**

1
2
        **USC §1332, this action is properly before the federal court on the basis of diversity jurisdiction.**

3 (Pl.'s First Am. Compl. ¶ 2.) Also on September 20, 2013,
4 Plaintiff filed a second *ex parte* application for a temporary
5 restraining order seeking to prevent the foreclosure sale of his
6 home. (Pl.'s TRO, ECF No. 8.)

7         It is evident from Plaintiff's amended allegations
8 concerning subject matter jurisdiction that Plaintiff's
9 conclusory statement that "the parties are completely of diverse"
10 is based upon Plaintiff's allegation that Defendant is a citizen
11 of North Dakota, "not a [citizen] of the State of California,"
12 whereas, Plaintiff is a citizen of California. However, this
13 Court has previously determined that Wells Fargo Bank, N.A. is
14 "'a citizen of California as well as a citizen of South Dakota.'"
15 Gosal v. Wells Fargo Bank, N.A., No. 2:12-cv-02024-GEB-CKD, 2012
16 WL 4961696, at *2 (E.D. Cal. Oct. 15, 2012) (quoting Taheny v.
17 Wells Fargo Bank, N.A., 878 F. Supp. 2d 1093, 1109 (E.D. Cal.
18 2012)).

19         Since the parties' citizenship is not diverse, the
20 Court lacks subject matter jurisdiction over this action.
21 Therefore, the action is dismissed without leave to amend. See
22 Snell v. Cleveland, Inc., 316 F.3d 822, 828 n.6 (9th Cir. 2002)
23 (indicating "[d]ismissal without leave to amend" is proper when
24 "it is clear . . . that the complaint could not be saved by
25 amendment").

26         Further, Plaintiff's second application for a temporary
27 restraining order is denied, since "[i]n the absence of a
28 complaint setting out the basis for jurisdiction, the court lacks

1  the jurisdiction to grant a temporary restraining order."
2  Camillos v. US Bank Nat'l Ass'n, No. 5:11-CV-05228 EJD, 2011 WL
3  5122619, at *2 (N.D. Cal. Oct. 27, 2011).
4       Dated:  September 20, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge